UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cv-00072-FDW-DSC

| | |
|---|---|
| MARY CAROL ROSS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>HARTFORD LIFE AND ACCIDENT )<br>INSURANCE COMPANY, )<br>)<br>Defendant. )<br>) | **ORDER** |

**THIS MATTER** is before the Court *sua sponte* because Plaintiff Mary Carol Ross ("Plaintiff") has failed to establish the basis of this Court's subject-matter jurisdiction. Accordingly, the Court finds this case should be DISMISSED for lack of subject matter jurisdiction.

## BACKGROUND

Plaintiff initially filed the Complaint in this action February 11, 2014 alleging Defendant Hartford Life and Accident Insurance Company ("Defendant") failed to pay the full $80,000 dollar death benefit Plaintiff, as beneficiary of the policy, claims she is entitled to. (Doc. No. 1). Instead, Plaintiff alleges Defendant "determined that certain age reduction provisions in the policy applied and that the [policy holder's] coverage was only for $24,000.00 and not $80,000.00." (Doc. No. 1, ¶ 18).

## DISCUSSION

Subject matter jurisdiction exists when the complaint raises a federal question under 28 U.S.C. § 1331 or diversity of citizenship under 28 U.S.C. § 1332. Lack of subject matter

jurisdiction may be raised at any time either by a litigant or the court. Mansfield, C & L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1884). "When a federal court concludes that it lacks subject matter jurisdiction, the court must dismiss the complaint in its entirety." Mosley v. Wells Fargo Bank, N.A., 802 F.Supp.2d 695, 698 (E.D.Va. 2011) (quoting Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006)); see also Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action"). "A court has an independent duty to ensure that jurisdiction is proper, and, if there is a question as to whether such jurisdiction exists, must raise lack of subject matter jurisdiction on its own motion, without regard to the positions of the parties." Id.

For federal diversity jurisdiction to exist the suit must be between "citizens of different states" and the amount in controversy must exceed seventy-five thousand (75,000) dollars. 28 U.S.C. § 1332(a)(1). Because the amount in controversy is fifty-six thousand (56,000) dollars, the difference between the coverage amount Plaintiff alleges she is entitled to, eighty thousand (80,000) dollars, and the coverage amount Defendant determined, twenty-four thousand (24,000) dollars, the amount in controversy requirement is not met and the claims cannot be heard in federal court on the basis of federal diversity subject-matter jurisdiction.

For the foregoing reasons, Plaintiff's Complaint is DISMISSED for lack of subject matter jurisdiction. IT IS THEREFORE ORDERED that Plaintiff's Complaint (Doc. No. 1) is DISMISSED *without prejudice*. The Court respectfully directs the Clerk of Court to TERMINATE all pending motions and deadlines and CLOSE THE CASE.

Signed: April 23, 2014

Frank D. Whitney
Chief United States District Judge